PLATT v. PHILADELPHIA & R. R. CO. et al.

(Circuit Court, E. D. Pennsylvania. May 14, 1902.)

RECEIVERS—POWER TO BIND ESTATE.

Receivers for a railroad company cannot legally obligate themselves, as such, to pay a liability incurred by the corporation prior to their appointment.

On Exceptions to Master's Report.

C. B. Taylor and J. B. Reilly, for exceptions.

Samuel Dickson, for receivers.

DALLAS, Circuit Judge. The exceptions of Margaret O'Connor and of Alfred Sully, respectively, to the eighty-seventh report of the master, sur petition of the receivers for their discharge, have been argued and considered. They cannot be sustained. The judgment in the court of common pleas of Schuylkill county, upon which the claim of Margaret O'Connor is based, is for a liability of the Philadelphia & Reading Railroad Company which arose and matured prior to the original appointment of receivers; and it was not legally possible for them, or their successors, as such, to contract or incur any obligation to discharge it. I am also clearly of opinion that the position taken by Mr. Sully was rendered untenable by the terms of the foreclosure decree of May 1, 1896, and the proceedings subsequently had in pursuance of that decree or in conformity therewith.

Accordingly the exceptions of both the above-named exceptants are dismissed, the report of the master is confirmed, and the decree recommended by and annexed to that report will be entered as the decree of this court.